WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Green, | No. CV-05-1779-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Pending before this Court is Defendant's non-enumerated 12(b) Motion to Dismiss (Doc. #6) in which Defendant alleges that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e (2003). After reviewing the parties' arguments, exhibits, and affidavits, the Court finds as follows.

**I. FACTUAL BACKGROUND**

Plaintiff is currently an inmate incarcerated with the Maricopa County Sheriff's Office ("MCSO"). On June 13, 2005, Plaintiff filed a complaint pursuant to 28 U.S.C. § 1342(a)(3) (1993) and 42 U.S.C. § 1983 (2003) against Defendant. In his complaint, Plaintiff alleges that Defendant violated his Eighth and Fourteenth Amendment rights in the following ways. First, the jail provided him inadequate meals because the jail only fed inmates twice daily, and the food was undercooked and not stored at the correct temperature. Second, overcrowding in the jail threatened Plaintiff's safety. Third, poor ventilation, dilapidated facilities, and unsanitary conditions caused Plaintiff to experience chronic health issues.

Plaintiff did not submit formal or informal grievances to prison officials regarding his three claims. In regards to the first two claims, he alleges that the guards would not let the claims be grieved. In regards to his third claim, Plaintiff indicates that the guards told him the claim could not be grieved. As a result, Plaintiff apparently believes he has exhausted all administrative remedies available to him for resolving his grievances and is thus properly before this Court. Defendant responds that Plaintiff admits in his complaint that he did not seek or exhaust all administrative remedies available to him, which is confirmed by MCSO records.

**II. DISCUSSION**

*A. Legal Standard*

Pursuant to 42 U.S.C. §1997e(a), a prisoner may not file a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 until such prisoner has exhausted all administrative remedies available at the prison. Exhaustion is mandated, "regardless of the relief offered through administrative procedures," *Booth v. Churner*, 532 U.S. 731, 741 (2001), in all inmate suits regarding prison life. *Porter v. Nussle*, 534 U.S. 516, 523 (2002).

The Ninth Circuit has held that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding whether or not to dismiss this action, "the [C]ourt may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119–20. It may take into consideration facts outside the record, including affidavits submitted by the parties. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). The Ninth Circuit has recognized that "'it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion'" and has thus placed the burden upon defendants to prove a lack of exhaustion. *Wyatt*, 315 F.3d at 1119 (quoting *Ray v. Kertes*, 285 F.3d 287, 295 (3rd Cir. 2002)). Assuming that Plaintiff has failed to exhaust all available administrative remedies,

1 the proper action for the Court to pursue is to dismiss the claim without prejudice. *Id.* at
2 1120.

3 *B. Available Administrative Remedies*

4 MCSO's Inmate Grievance Procedure is set forth in MCSO Policy and Procedure DJ-
5 3 ("DJ-3"). The policy provides a multi-tiered grievance and appeal process whereby
6 inmates can communicate their concerns and complaints to and receive prompt response from
7 jail staff. (DJ-3, Introduction). At the first level, an inmate requests, fills-outs, and submits
8 a grievance form to detention personnel. (DJ-3(4)). A grievance specifically concerning
9 medical problems is forwarded to a shift supervisor, who subsequently forwards it directly
10 to a hearing officer. (DJ-3(4)). Line personnel consider all other grievances. (DJ-3(4)). If
11 line personnel are unable to resolve a non-medical grievance, the grievances goes to the shift
12 supervisor. (DJ-3(4)). If the shift supervisor is unable to resolve the grievance, the shift
13 supervisor forwards it as a formal grievance to a hearing officer. (DJ-3(4)(B)(2)). If the
14 hearing officer is unable to resolve the grievance, the hearing officer informs the inmate of
15 his right to appeal to the jail commander. (DJ-3(6)(A)(1)(b)).

16 If the inmate chooses to appeal, the hearing officer provides the inmate with
17 paperwork to file an Institutional Grievance Appeal with the jail commander or, in the case
18 of a medical grievance, with the appropriate clinic supervisor. (DJ-3(6)(A)(1)(b) and (1)(D)).
19 If the inmate is unsatisfied with the outcome of the Institutional Grievance Appeal, the
20 inmate is informed of his right to file an External Grievance Appeal and provided the
21 necessary paperwork to file such an appeal. (DJ-3(6)(A)(2)(b) and (6)(B)(2)(b). A response
22 and written decision from the external referee assigned to review the grievance concludes the
23 formal inmate grievance procedure. (DJ-3(7)(F)). Only then may the inmate file a complaint
24 with the federal district court. (DJ-3(8)).

25 *C. Claims*

26 Having reviewed the pleadings and considered the affidavit of MCSO Sergeant Corina
27 Griffin and DJ-3, this Court concludes that Defendant has met its burden on all claims. The
28 Court arrives at this conclusion for the following reasons: 1) Corina Griffin is an MCSO

- 3 -

1 Sergeant and a Hearing Officer for inmate discipline and grievances; 2) her duties include
2 the receipt, processing, tracking, and storage of inmate grievances at MCSO jails; and 3) she
3 searched the inmate grievance records and found neither indication that Plaintiff had filed
4 grievances related to his claims in this action nor indication that Plaintiff had ever filed an
5 Institutional or External Grievance Appeal.  (Griffin Aff. 1–2.)  Plaintiff failed to respond
6 to Defendant's Motion to Dismiss.  In light of the evidence, it appears that Plaintiff did not
7 actually submit grievance forms to prison officials and, thus, has not exhausted all available
8 administrative remedies relating to his claims.  Because Defendant successfully met its
9 burden, the Plaintiff's claims must be dismissed under 42 U.S.C. § 1997e without prejudice.

## III.  CONCLUSION

Plaintiff could have submitted his claims to MCSO's inmate grievance process but did not. As a result, he failed to exhaust all available administrative remedies at the jail for those claims prior to filing with this Court.  Until Plaintiff exhausts such remedies, the Court cannot consider his claims.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims are dismissed without prejudice.

DATED this 21st day of April, 2006.

_____
James A. Teilborg
United States District Judge